IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWIGHT CAMPBELL, | : |
|     Petitioner | : |
|       v. | : Case No. 3:25-cv-101-KAP |
| SUPERINTENDENT S.C.I. DALLAS, | : |
|     Respondent | : |

### Memorandum Order

Petitioner Dwight Campbell's petition for a writ of habeas corpus, ECF no. 7, is denied without a certificate of appealability. The Clerk shall mark this matter closed.

Petitioner's motion for bail pending decision, styled as a motion for release from custody pending the proceedings in this matter, ECF no. 13, is denied as moot. It is meritless in any case.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rule 4), applicable to Section 2241 petitions through Habeas Rule 1(b), a district court has the power and the duty to examine habeas petitions filed pursuant to 28 U.S.C.§ 2254 before service, to screen out meritless applications and to eliminate the burden on respondents of assembling an unnecessary answer. *See* Kiser v. Johnson, 163 F.3d 326, 328 (5th Cir.1999), quoting Advisory Committee Notes to Habeas Rule 4. For habeas petitions under 28 U.S.C.§ 2241, *see also* 28 U.S.C.§ 2243. In addition to the review of adequacy of the petition mandated by Habeas Rule 4 and 28 U.S.C.§ 2243, an issue that can be raised *sua sponte* at the outset is a petitioner's failure to exhaust state law remedies. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998).

Campbell is now at S.C.I. Dallas. In addition to the civil rights complaints I catalogued in my Report and Recommendation pending in Campbell's habeas petition at Campbell v. Blair County Court of Common Pleas, Case No. 3:25-cv-7-SLH-KAP (W.D.Pa.), Campbell has filed redundant habeas petitions attacking one or more of the Blair County criminal cases in which he is a defendant. There have been four Blair County prosecutions against Campbell: CP-07-CR-2648-2019, CP-07-CR-1328-2020, CP-07-CR-1710-2020, and CP-07-CR-749-2022. The first three were resolved by a guilty plea on January 6, 2023, and the fourth is still pending trial.

In this petition, Campbell attempts two things: he attacks his confinement due to a 3-25 year aggregate sentence imposed by the Honorable Jackie Bernard January 6, 2023 on CP-07-CR-1328-2020, after Campbell pleaded guilty in CP-07-CR-2648-2019, CP-07-CR-1328-2020, and CP-07-CR-1710-2020. Judge Bernard imposed no further penalty in CP-07-CR-2648-2019 and CP-07-CR-1710-2020. A collateral attack on

1

Campbell's conviction under Pennsylvania's Post Conviction Relief Act is ongoing in CP-07-CR-1328-2020. Campbell and the respondent both assert that an evidentiary hearing was scheduled on his PCRA petition for June 26, 2025. The public docket sheet for CP-07-CR-1328-2020 indicates that the hearing was in fact held and that today Judge Bernard order the parties to file memoranda.

Campbell also seeks dismissal of the charges in CP-07-CR-749-2022, and as previously noted Campbell is still awaiting trial in CP-07-CR-749-2022. It is not procedurally proper to attack two convictions and imposed sentences in one habeas petition, and still less proper to attack an imposed sentence and a pending prosecution in one habeas petition. Further, Campbell is already attacking the pending charges in CP-07-CR-749-2022 in Campbell v. Blair County Court of Common Pleas, Case No. 3:25-cv-7-SLH-KAP (W.D.Pa.). Campbell makes the same three claims there that he makes here: that he was improperly extradited to Pennsylvania from Michigan, that the evidence presented against him at the preliminary hearing stage was perjured, and that his trial has been delayed beyond the time permitted in Pa.R.Crim.P. 600 and therefore according to Campbell the state court has no further jurisdiction. *See* Petition in Campbell v. Blair County Court of Common Pleas, Case No. 3:25-cv-7-SLH-KAP (W.D.Pa.). My recommendation and Campbell's objections in that non-consent case are pending before the Court. It is improper to consider the same claims twice at the same time. Rather than dismissing this petition with instructions to file separate petitions, I direct Campbell to make any further attack on the pending charges in CP-07-CR-749-2022 by filing the appropriate motion in Campbell v. Blair County Court of Common Pleas, Case No. 3:25-cv-7-SLH-KAP (W.D.Pa.).

In this matter I will consider Campbell's attack on his sentence in CP-07-CR-1328-2020. As noted above, a collateral attack on Campbell's conviction is ongoing in CP-07-CR-1328-2020 in the trial court. Campbell cannot possibly have exhausted any claims brought under the PCRA. Campbell pleaded guilty and did not file a direct appeal from his sentence in in CP-07-CR-1328-2020, so he cannot possibly have exhausted any claims on direct appeal either. *See* Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004)(exhaustion requires fair presentation of federal claims to the Pennsylvania Superior Court but not to the Pennsylvania Supreme Court), *cert. denied*, 544 U.S. 1063 (2005).

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). A substantial showing is not synonymous with success: a petitioner need only show that jurists of reason would debate the correctness of a district court's denial of a habeas petition. *See* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Hickox v. Superintendent Benner Twp. SCI, 2020 WL 6437411, at *1 (3d Cir. Oct. 29, 2020). At the same time, it is

more than good faith or the absence of frivolity on the part of the petitioner. Miller-El v. Cockrell, 537 U.S. at 338. Campbell's petition does not meet the "debatable" standard. The Supreme Court held in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Jurists of reason would not debate that Campbell's petition contains no unexhausted claims. No certificate of appealability is issued.

DATE: June 30, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Dwight Campbell QP-4379
S.C.I. Dallas
1000 Follies Road
Dallas, PA 18612